UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

APRIL JOHNSON,

       Plaintiff,

       v.

BCA Financial Services Inc.,

       Defendant.

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, April Johnson ("**Plaintiff**" and/or "**Johnson**"), by and through undersigned counsel, sues Defendant, BCA Financial Services Inc. (hereinafter "**Defendant**" and/or "**BCA**"), and files her Complaint for damages and alleges as follows:

## NATURE OF ACTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII); and the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); to redress unlawful employment practices toward Plaintiff, including but not limited to discrimination and discharge from employment.

## JURIDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Title VII).

1

3. The Southern District of Florida, Miami Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendants are residents of, has agents, and/or transacts their affairs in this district.

4. Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5. At all relevant times to this action, Plaintiff is a natural person residing in Miami-Dade County, Florida.

6. At all times relevant to this action, Plaintiff was a female employee of Defendant.

7. Defendant BCA is a For Profit Corporation authorized to conduct business in the State of Florida.

## STATEMENT OF FACTS

8. Plaintiff brings forth this action in Federal Court pursuant to Title VII and FCRA.

9. APRIL JOHNSON (hereinafter referred to as "**Plaintiff**" and/or "**JOHNSON**") is seeking damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, discriminated against and retaliated against by her employer on the basis of her gender and her reporting of such conduct.

10. At all times material, JOHNSON was and is an individual female of African American origin who is a resident of the Miami-Dade County, within the State of Florida.

11. At all times material, Respondent BCA FINANCIAL SERVICES, Inc. (hereinafter "**BCA**" or "**Defendant**") was and is a for profit organization authorized to do business in the State of Florida.

12. JOHNSON was a five (5) year employee of BCA.

13. At all material times, JOHNSON was employed as an Account Representative by Respondent BCA.

14. At all material times, GABRIEL VINTERO (hereinafter "**VINTERO**" or "**GABRIEL**") was and is a male employed by BCA.

15. At all material times, VINTERO held direct supervisory authority over JOHNSON.

16. At all material times, starting from the beginning of JOHNSONS's employment with Defendant, VINTERO regularly sexually harassed JOHNSON.

17. At all material times, VINTERO asked JOHNSON to date him.

18. At all material times, JOHNSON feared reporting VINTERO as this was her primary source of income.

19. At all material times, VINTERO would approach JOHNSON and say remarks such as "**I CAN PICTURE YOU NAKED**".

20. At all material times, VINTERO would make sexually explicit jokes about JOHNSON'S buttocks.

21. At all material times, VINTERO was known to sexually harass women wo worked at Defendant.

22. At all material times, Defendant's management and leadership team were on notice of VINTERO'S sexual harassment of female employees.

23. At all material times, GABRIEL would tell JOHNSON, "**YOU ARE TOO THICK TO BE WEARING THAT OUTFIT**."

24. In or around May 2019, VINTERO said, "**I CAN SEE YOU WHOLE BODY LIKE A DEER IN HEADLIGHTS**."

25. At all material times, VINTERO constantly told JOHNSON "**I HAVE NOT HAD A CHANCE TO DO YOU, BUT I CANNOT WAIT UNTIL I DO**".

26. At all material times, Defendant's VINTERO told JOHNSON, "**DAMN YOUR BABY LEFT MILK IN YOUR BREAST**, **LET ME SUCK THEM OUT**", referring to JOHNSON'S recent childbirth.

27. VINTERO made comments such as this in the presence of other employees. JOHNSON felt humiliated and isolated by VINTERO'S comments and conduct towards her.

28. At all material times, VINTERO would tell JOHNSON, **I CAN'T WAIT TILL I CAN GET TO DO YOU**."

29. In or around June 2019, parking spaces in Defendant's parking garage became available, JOHNSON knew the parking spots were "first come, first serve" and quickly requested a spot from VINTERO.

30. In or around June 2019, JOHNSON had requested a parking space from VINTERO. VINTERO responded to JOHNSON'S request by saying; "**YOU CAN COME SUCK MY DICK IN THE GARAGE, FOR A SPOT**."

31. JOHNSON'S coworker overheard the comment and asked VINTERO to repeat the comment to which VINTERO responded by saying, "**I TOLD HER SHE CAN SUCK MY DICK IN THE PARKING GARAGE FOR A PARKING PASS.**"

32. At all material times, JOHNSON felt isolated and victimized by GABRIEL constant sexual harassment.

33. GABRIEL continued his constant comments and sexually suggestive behavior, despite JOHNSON's constant opposition.

34. JOHNSON felt disgusted and victimized by GABRIEL behavior.

35. At all material times, SHAWNA CURRY (hereinafter referred to as "**CURRY**") is employed as a Human Resource representative at BCA.

36.  In or around June 2019, JOHNSON complaint to BCA's Human Resources CURRY regarding VINTERO'S sexually charged comments about her breasts and performing sexual acts on him.

37. In or around June 2019, BCA retaliated against JOHNSON by assigning her to a new team.

38. JOHNSON'S new assignment moved her two (2) desks down from VINTERO'S section.

39. In or around June 2019, VINTERO approached JOHNSON and said, "YOURE TRYING TO GET ME FIRED."

40. At all material times, JOHNSON felt threatened and unsafe because of VINTERO.

41. JOHNSON made every attempt to ignore VINTERO regular sexual advances.

42. Defendant assigned JOHNSON to a new team with an additional six (6) accounts to become familiar with in two days. JOHNSON felt as though she was being punished for reporting VINTERO.

43. On or about March 31, 2020, Defendant terminated Plaintiff's employment.

44. Plaintiff claims actual discharge.

45. At all times relevant to this action, by reasons of Defendant's recklessness and/or carelessness, Defendant caused Plaintiff damages by failing to adequately supervise its employees.

46. That as a result of Defendant's conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

47. Plaintiff suffers from regular panic attacks and nightmares relating to Defendant's conduct.

48. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain,

suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

50. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts.

51. Defendant's conduct has been malicious, willful, and/or outrageous, and conducted with full knowledge of and reckless indifference of the law.  As such, Plaintiff demands Punitive Damages as against Defendant.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

52. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 51 above.

53. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

54. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her gender.

55. Defendant's Supervisor regularly made sexually charged comments about Plaintiff and her body.

56. At all times relevant to this action, Defendant sexually harassed Plaintiff because she was a woman.

57. Defendants treated Plaintiff less favorably than similarly situated employees outside her protected class.

58. Plaintiff exhausted her administrative remedies, including timely filing her complaint with the EEOC.

59. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

60. Defendant violated the above and Plaintiff suffered numerous damages as a result.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

61. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 51 above.

62. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment

practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

63. Plaintiff is a woman and, as such, a member of a protected class under Title VII.

64. Defendant made sexually charged comments to Plaintiff on a number of occasions.

65. Plaintiff complained to Defendant about the sexual comments.

66. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

67. Shortly after Plaintiff made her sexual harassment complaints, Defendant terminated her employment.

68. Defendant's actions would deter a reasonable employee from complaining about discriminatory conduct.

69. Plaintiff exhausted her administrative remedies, including timely filing her complaint with the EEOC and filing her claim in this Court within 90 days of receiving her right-to-sue letter.

70. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

        **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

        a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

        b. Issue an order prohibiting further discrimination; and

        c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay

in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT UNDER TITLE VII

71. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 51 above.

72. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

73. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

74. Defendant sexually harassing conduct was directly connected to Plaintiff's gender.

75. Plaintiff did not welcome sexual conduct or comments based on her gender.

76. As a result of pervasive sexual conduct and comments, Plaintiff's work environment was forever altered.

77. As a result of Defendant's violations of The Civil Right Act of 1964, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business

reputation; loss of self-esteem; disruption to his family life; and other harm, pain and suffering, both tangible and intangible.

WHEREFORE, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964; and

b. Issue an order prohibiting further discrimination; and

c. Order equitable relief including but not limited to back pay, reinstating Plaintiff with all promotions and seniority rights to which he is entitled, or award front pay in lieu of reinstatement, and all other equitable relief provided for in 42 U.S.C. 2000e-5; and

d. Award Plaintiff all compensatory damages provided for in 42 U.S.C. 2000e-5; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FOURTH CAUSE OF ACTION
## DISCRIMINATION UNDER FCRA

78. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 51 above.

79. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the Florida Civil Rights Act ("FCRA"), to include the remedies in §760.01, et seq., Florida Statutes.

80. Plaintiff is an individual of woman and is therefore a member of protected classes within the meaning of the applicable law.

81. At all times relevant, Plaintiff was an employee under the FCRA.

82. Plaintiff is and was protected against discrimination under the FCRA.

83. At all times relevant, Plaintiff was qualified to do her job and other jobs at Defendants.

84. At all times relevant, Defendant treated Plaintiff differently because of her gender.

85. At all times relevant, Defendant made unwelcomed sexual comments to Plaintiff.

86. At all times relevant to this action, Plaintiff objected to sexual comments and conduct.

87. Defendant's discrimination against Plaintiff was willful or with reckless indifference to her protected rights.

88. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices, including suffering economic damages, compensatory damages, emotional pain and suffering, inconvenience, mental anguish, outrage, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and tangible injuries.

> **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
> a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the FCRA; and
>
> b. Issue an order prohibiting further retaliation; and
>
> c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and
>
> d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and
>
> e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A FIFTH CAUSE OF ACTION
## RETALIATION UNDER FCRA

89. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 51 above.

90. Plaintiff complained to Defendant about the sexual comments.

91. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

92. Shortly after Plaintiff made her sexual harassment, assault and retaliation complaints, Defendants terminated Plaintiff's employment.

93. Defendant's actions would deter a reasonable employee from complaining about discriminatory conduct.

94. Plaintiff engaged in protected activity, complaining about discrimination based on her gender and being sexually harassed, and as a resulted suffered an adverse employment action.

95. Defendant took adverse employment actions against Plaintiff because she complained about the sexual discrimination and sexual harassment of her; i.e., because she engaged in activities protected by the FCRA.

96. Defendants actually discharged Plaintiff within days of her complaint of sexual discrimination and sexual harassment.

97. These retaliatory actions against Plaintiff would deter a reasonable person from making or maintaining a complaint of discrimination or harassment against Defendant.

> **WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
> a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and
>
> b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or

front pay in lieu of reinstatement, and all other equitable relief provided by Fla.

Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01,

et seq.; and

 e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment

interest and such other and further relief as the Court deems proper.

**AS A SIXTH CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT UNDER FCRA**

98. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 51 above.

99. The Florida Civil Rights Act prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

100. Here, Defendants' conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

101. The harassing conduct was directly connected to Plaintiff's gender.

102. As a result of Defendant's violations of FCRA, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, mental pain and suffering; humiliation; emotional distress; diminishment of career opportunities; harm to business reputation; loss of self-esteem; disruption to her family life; and other harm, pain and suffering, both tangible and intangible.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully retaliated against Plaintiff in violation of the FCRA; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided by Fla. Stat. § 760.01, et seq.; and

d. Award Plaintiff all compensatory damages provided for by Fla. Stat. § 760.01, et seq.; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  Miami, Florida
       March 8, 2021

**DEREK SMITH LAW GROUP, PLLC**
Attorneys for Plaintiffs

By: /s/ Tiffani-Ruth I. Brooks
    Tiffani-Ruth I. Brooks, Esq.
    tiffani@dereksmithlaw.com
    701 Brickell Avenue, Suite 1310
    Miami, FL 33186
    (305) 946-1884